IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2016 Term

_____

No. 15-0726

_____

FILED

October 6, 2016

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

RUSSELL W. MASON,
Executor of the Estate of Christine Ebert,
Petitioner

v.

CHRISTINE TORRELLAS,
Ancillary Administratrix of the Estate of Christine Ebert,
Respondent

_____

Appeal from the Circuit Court of Mineral County
The Honorable Phil Jordan, Judge
Civil Action No. 15-C-9

REVERSED AND REMANDED

_____

Submitted: September 21, 2016
Filed: October 6, 2016

Daniel R. James, Esq.
Nicholas T. James, Esq.
Keyser, West Virginia
Counsel for the Petitioner

Charles F. Johns, Esq.
Denielle M. Stritch, Esq.
Steptoe & Johnson PLLC
Bridgeport, West Virginia
Counsel for the Respondent

CHIEF JUSTICE KETCHUM delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "'The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)." Syllabus Point 3, *Chapman v. Kane Transfer Co. Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977).

2. "Under Section 1, Article IV of the Constitution of the United States, the judgment or decree of a court of record of another state will be given full faith and credit in the courts of this State, unless it be clearly shown by pleading and proof that the court of such other state was without jurisdiction to render the same, or that it was procured through fraud." Syllabus Point 1, in part, *Clark v. Rockwell*, 190 W.Va. 49, 435 S.E.2d 664 (1993).

3. "A sentence of probate made in another state upon a will is not evidence in the courts of this state of the validity and due execution of the will, as to lands situate in this state, devised by it, so as to pass title to such land to the devisee." Syllabus Point 3, *Thrasher v. Ballard*, 33 W.Va. 285, 10 S.E. 411 (1889).

Chief Justice Ketchum:

This case concerns a will contest in which the decedent, Christine Ebert, executed two wills: the first in West Virginia in 2012, and the second in New York in 2014, ten days before she died of, among other causes, dementia. Petitioner Russell Mason ("Plaintiff Mason"), the named executor of the West Virginia will, filed a complaint in the Circuit Court of Mineral County challenging the validity of the New York will. Respondent Christine Torrellas ("Defendant Torrellas"), the executrix of the New York will, filed a motion to dismiss Plaintiff Mason's complaint, arguing that the West Virginia circuit court lacked jurisdiction over this matter. The circuit court granted Defendant Torrellas' motion to dismiss. Following entry of this order, Plaintiff Mason filed the present appeal.

After review, we reverse the circuit court's order dismissing Plaintiff Mason's complaint and remand this matter to the circuit court for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The decedent, Mrs. Ebert, was born in 1928, and, according to Plaintiff Mason, lived the majority of her life in West Virginia. Mrs. Ebert did not have any children and was predeceased by her husband. She had three siblings, including a sister,

1

Irene Ketelsen, who lived in New York. The decedent owned real estate in West Virginia and Florida.

In November 2012, the decedent executed her last will and testament in Keyser, West Virginia ("West Virginia will"). Plaintiff Mason was named as the executor of this will. Pursuant to the West Virginia will, the decedent made the following bequests: 1) $3,000.00 to the United Methodist Church in Hartsmansville, West Virginia; 2) $2,000.00 for the care of her gravesite and her husband's gravesite to the Idleman Cemetery in Grant County, West Virginia; 3) a car lot located in Keyser, West Virginia, farm machinery, and West Virginia bonds to Plaintiff Mason; 4) a house located in Keyser, West Virginia to Sue Heavener; and 5) her household contents, Florida real estate, and residue of the estate to her sister, Irene Ketelsen.

According to Plaintiff Mason's complaint, the decedent "has continuously resided in Mineral County, West Virginia and . . . was a domiciliary of the State of West Virginia." While the decedent was a West Virginia resident, Plaintiff Mason asserts that she visited her sister, Irene Ketelsen, in New York every year between Thanksgiving and Christmas. After these New York holiday visits, the decedent would go to Florida for the winter before returning to her West Virginia home.

Plaintiff Mason's complaint alleges that the decedent became ill while visiting her sister in New York in December 2013. Due to this illness, the decedent, who was eighty-six years old, was hospitalized at Winthrop University Hospital in New York. Plaintiff Mason alleges that while the decedent was suffering from multiple illnesses in

2

the New York hospital, including dementia, she executed a second will ("New York will") on January 30, 2014.

The appendix-record contains the West Virginia will and the New York will. Mrs. Ebert's signature is markedly different in the two wills. In the West Virginia will, her signature is written in clearly legible cursive writing in which she spells out her full name, Christine Ebert. In the New York will, the alleged signature is illegible and does not bear any resemblance to her signature contained in the 2012 West Virginia will. The two signature pages, (1) West Virginia, (2) New York, are as follows:

> IN WITNESS WHEREOF, I hereunto subscribe my name to this, my Last Will and Testament, which is written without any interlineations on _4_ sheets of legal cap paper at _Keyser_, _West Virginia_, this the _12th_ day of _November_, 2012.
>
> _Christine Ebert_
> **CHRISTINE H. EBERT**

> IN WITNESS WHEREOF, I, CHRISTINE EBERT, sign, seal, publish and declare this instrument as my Last Will and Testament this _3p_ day of January, 2014.
>
> _Chrine HBSE_
> **CHRISTINE EBERT**

The New York will states that the decedent is "a resident of and domiciled in the County of Nassau, State of New York." The New York will revoked her previous West Virginia will, and named Defendant Christine Torrellas as the executrix of the New

3

York will. Defendant Torrellas is the decedent's niece, and is the daughter of the decedent's sister, Irene Ketelsen. Per the New York will, the decedent bequeathed her entire estate to her sister, Irene Ketelsen. The New York will names Defendant Torrellas as the residuary beneficiary of the estate if Irene Ketelsen predeceased the decedent.

The decedent died ten days after the New York will was executed. The decedent's New York State death certificate lists her residence as Keyser, West Virginia, her mailing address as "Route 1 . . . Elk Garden [West Virginia]," and states that her place of burial will be in Scherr, West Virginia. The death certificate lists the following causes of death: "respiratory failure, pneumonia aspiration, *dementia*, and polycystic kidney [sic]." (Emphasis added). Following her death, the decedent was buried next to her husband in a cemetery in Scherr, West Virginia.

Defendant Torrellas offered the New York will for probate in a New York surrogate court on April 14, 2014. The New York surrogate court entered a final decree to probate the New York will in June 2014. Plaintiff Mason was not given "constructive or formal notice" of the New York will administration, and asserts that as a beneficiary of a prior will, he was entitled to such notice under the rules of the New York surrogate court.

After the New York surrogate court entered its final decree of probate, Defendant Torrellas began the process to admit the will for ex parte ancillary probate before the Mineral County Commission in West Virginia. According to Plaintiff Mason's complaint, the New York will was "admitted in an ancillary estate

4

administration before the Mineral County Commission on July 24, 2014."[1] Thereafter, Plaintiff Mason filed the present complaint in the circuit court of Mineral County on February 24, 2015.

Plaintiff Mason's complaint alleges that Defendant Torrellas 1) "procured the making and execution of the New York will knowing that [the decedent] lacked the requisite testamentary capacity"; 2) "misled [the decedent] into executing the New York will, thereby committing fraud"; and 3) exerted undue influence over the decedent, who "was not acting of her own free will," when the New York will was executed.[2]

In response to Plaintiff Mason's complaint, Defendant Torrellas filed a motion to dismiss pursuant to Rules 12(b)(1) and (6) of the West Virginia Rules of Civil Procedure.[3] Defendant Torrellas argued that the West Virginia circuit court did not have

---

[1] During the hearing on the motion to dismiss, counsel for Defendant Torrellas stated, "We started the probate in this State [West Virginia] after the New York will was filed, got three quarters of the way through the process when it stopped because this suit was filed here in West Virginia. So, it's now on hold with the Probate Court here [.]" In her brief to this Court, Defendant Torrellas states that the ancillary probate proceedings before the Mineral County Commission are complete.

[2] Plaintiff Mason's complaint asserts that because of her physical and mental infirmities in December 2013, the decedent was unable to make decisions about her financial affairs. The decedent purportedly named her niece, Defendant Torrellas, as her power of attorney in New York, revoking a prior power of attorney naming Plaintiff Mason.

[3] Rule 12(b)(1) and (6) of the West Virginia Rules of Civil Procedure are as follows: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive
(continued . . .)

5

jurisdiction over this matter, asserting that because the New York surrogate court had entered a final decree of probate regarding the New York will, the West Virginia circuit court had to give that final decree "full faith and credit, and thereby prevent [Mr. Mason's] challenge to the validity of the NY will anywhere but in New York." Defendant Torrellas' motion to dismiss alternatively argued that even if the West Virginia circuit court had jurisdiction over this matter, Plaintiff Mason failed to plead sufficient facts to show the probate of the New York will was improper.

The circuit court held a hearing on the motion to dismiss on June 16, 2015. At the conclusion of this hearing, the circuit judge granted Defendant Torrellas' motion to dismiss orally, stating "Court's going to grant the motion to dismiss, I think this has to be sorted out in New York Court." On June 24, 2015, the circuit court entered a three-sentence order granting Defendant Torrellas' motion to dismiss:

> On the 16th day of June 2015 CAME the Defendant, by counsel, pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, and moved the Court to dismiss this case. Upon review of the briefing and oral arguments of both parties, by counsel, this Court finds that, for the reasons set forth in Defendant's Motion, and for such other and further reasons as are apparent to the Court, Defendant's Motion to Dismiss is hereby GRANTED. It is, therefore, ORDERED that Plaintiff's claims against Defendant be DISMISSED

pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, . . . (6) failure to state a claim upon which relief can be granted."

6

WITH PREJUDICE and STRICKEN from the Court's docket.

After entry of the circuit court's order granting Defendant Torrellas' motion to dismiss, Plaintiff Mason filed the instant appeal.

## II.

## STANDARD OF REVIEW

This Court has explained that "[t]he purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the complaint." *Collia v. McJunkin*, 178 W.Va. 158, 159, 358 S.E.2d 242, 243 (1987) (citations omitted). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)." Syllabus Point 3, *Chapman v. Kane Transfer Co. Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977). "For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true. . . . The policy of the rule is thus to decide cases upon their merits, and if the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied." *John W. Lodge Distrib. Co. v. Texaco, Inc.*, 161 W.Va. 603, 605, 245 S.E.2d 157, 158-59 (1978). This Court has also held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is

7

*de novo.*" Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

## III.

## ANALYSIS

On appeal, Plaintiff Mason argues that the circuit court erred by granting Defendant Torrellas' Rule 12(b)(6) motion to dismiss. Plaintiff Mason asserts that the decedent was a West Virginia resident who owned property in West Virginia. Because the decedent was a West Virginia resident at the time of her death, who devised real estate located in West Virginia, Plaintiff Mason argues the circuit court of Mineral County has jurisdiction over this matter. By contrast, Defendant Torrellas argues that the decedent was a New York resident who executed a will in the State of New York. Therefore, according to Defendant Torrellas, the circuit court correctly determined that it was "obligated to give full faith and credit to the New York probate court, which had already decided the NY will was valid." Defendant Torrellas also argues that even if review of the New York will was proper in West Virginia, Plaintiff Mason's challenge to the New York will did not comply with W.Va. Code § 41-5-13 [1993], our statute setting forth the process for probating a foreign will. Finally, Defendant Torrellas argues that even if the West Virginia circuit court has jurisdiction, Plaintiff Mason failed to plead

8

sufficient facts to show the probate of the New York will was improper.  We address each argument in turn.

## A. Jurisdiction

The circuit court granted the motion to dismiss, concluding only that it lacked jurisdiction because "this has to be sorted out in New York Court."  Defendant Torrellas argues that this ruling was proper because the West Virginia circuit court was "obligated to give full faith and credit to the New York probate court, which had already decided the NY will was valid."  Defendant Torrellas states that "the full faith and credit clause of the United States Constitution precludes [the West Virginia circuit court] from proceeding with a contest of the Probated NY Will."

This Court addressed the full faith and credit clause in *Clark v. Rockwell*, 190 W.Va. 49, 50-51, 435 S.E.2d 664, 665-66 (1993), stating, "In our interpretation of the Full Faith and Credit Clause found in Section 1 of Article IV of the United States Constitution, we have followed applicable United States Supreme Court cases."[4]  Further, this Court described the circumstances in which it would give full faith and credit to the judgment of a court in another state in Syllabus Point 1, in part, of *Clark*:

---

[4] Section 1 of Article IV of the United States Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

Under Section 1, Article IV of the Constitution of the United States, the judgment or decree of a court of record of another state will be given full faith and credit in the courts of this State, **unless it be clearly shown by pleading and proof that the court of such other state was without jurisdiction to render the same, or that it was procured through fraud.**

(Emphasis added). *See also Gardener v. Gardner*, 144 W.Va. 630, 639, 110 S.E.2d 495, 500-01 (1959) ("Under the provisions of the United States Constitution, Article IV, Section 1, the courts of this State are not required to accord full faith and credit to a judgment or decree of a court of another state, if such judgment or decree was procured by fraud, or if the court by which it was rendered lacked jurisdiction of the person or the subject matter. A judgment or decree rendered by a court of a sister state under such circumstances may be attacked collaterally in the courts of this State.").

In the present case, Plaintiff Mason's complaint alleges 1) that Defendant Torrellas procured the judgment of the New York court through fraud, and 2) that the New York court was without jurisdiction. Specifically, the complaint states that Defendant Torrellas had actual knowledge that the decedent was domiciled in West Virginia, but "fraudulently represented to the [New York] Surrogate Court that Ms. Ebert died domiciled in the State of New York, and further fraudulently failed to identify the Plaintiff as a person who has an interest in Ms. Ebert's estate." Because Plaintiff Mason's complaint alleges that the decedent was not domiciled in or a resident of New York, he has alleged that the New York court did not have proper jurisdiction. Plaintiff Mason's complaint also asserts that Defendant Torrellas' New York petition for probate

10

fraudulently represented that "the NY will did not revoke any prior will, nor did Defendant [Torrellas] list the Plaintiff as a person affected by the NY will."

Under Syllabus Point 1 of *Clark*, a party attempting to collaterally attack the judgment from a court in another state is required to demonstrate by "pleading and proof" that such judgment was "procured through fraud." However, in the present case, Plaintiff Mason has not had the opportunity to conduct discovery and establish "proof" that the New York judgment was procured through fraud. Instead, the circuit court dismissed Plaintiff Mason's case pursuant to a motion to dismiss based only on the allegations contained in his complaint. Because Plaintiff Mason's complaint clearly asserts that the judgment of the New York court was procured through fraud, and that the New York court was without jurisdiction, we reject Defendant Torrellas' argument that the full faith and credit clause precludes the West Virginia circuit court from proceeding with this case.

Next, Defendant Torrellas argues that the West Virginia circuit court lacked jurisdiction because the decedent was domiciled in New York and her will had already been probated by a New York court. Defendant Torrellas' motion to dismiss states, "even taking all the facts outlined in Mason's Complaint as true, [the decedent's] domicile was New York because she moved there with the intent to make it her domicile." Because the decedent was domiciled in New York, according to Defendant Torrellas, the West Virginia circuit court had no authority to set aside the will for alleged fraud. In support of this argument, Defendant Torrellas relies on Syllabus Point 1 of

11

*Woofter v. Matz*, 71 W.Va. 63, 76 S.E. 131 (1912), which held, in relevant part: "In this state equity has no general jurisdiction, nor jurisdiction given by statute, to set aside a will and the probate thereof, for alleged fraud in the procurement thereof, *of one domiciled in another state*, duly probated there, and subsequently duly admitted to probate in this state[.]" (Emphasis added). Defendant Torrellas argues that because the decedent was domiciled in New York, our holding in *Woofter* prevents Plaintiff Mason from challenging the validity of the New York will in a West Virginia court.

Defendant Torrellas' argument is predicated on her contention that the decedent was domiciled in New York because she moved there "with the intent to make it her domicile." This contention is plainly at odds with the facts asserted in Plaintiff Mason's complaint. Plaintiff Mason's complaint states that at the time of her death, the decedent was "a resident and domiciliary of Mineral County, West Virginia" who was *visiting* her sister in New York when she became ill.[5] In support of this assertion, Plaintiff Mason relies on the following: 1) the decedent's New York death certificate lists her residence as Keyser, West Virginia; 2) the decedent owned and maintained a residence in Elk Garden, West Virginia; 3) the decedent filed income tax returns in West Virginia; 4) the decedent held a West Virginia driver's license; 5) the decedent

---

[5] In Syllabus Point 2 of *Lotz v. Atamaniuk*, 172 W.Va. 116, 304 S.E.2d 20 (1983), this Court held: "Domicile is a combination of residence (or presence) and an intention of remaining. If domicile has once existed, mere temporary absence will not destroy it, however long continued."

12

maintained a bank account at M&T Bank in Keyser, West Virginia; and 6) the decedent owned other property, including a car lot, in West Virginia.

"For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *John W. Lodge Distrib. Co. v. Texaco, Inc*., 161 W.Va. at 605, 245 S.E.2d at 158. Thus, for purposes of the instant motion to dismiss, the assertion that the decedent was a resident and domiciliary of West Virginia must be accepted as true. Because *Woofter* applies to a decedent "domiciled in another state," we find that our holding in *Woofter* provides no support for Defendant Torrellas' argument that this case should be dismissed pursuant to Rule 12(b)(6).

Defendant Torrellas' argument that the final order from the New York court forecloses any further inquiry into the validity of the decedent's will by a West Virginia court is also at odds with this Court's ruling in *Thrasher v. Ballard*, 33 W.Va. 285, 10 S.E. 411 (1889). The decedent's estate in the instant matter included real estate located in West Virginia. In Syllabus Point 3 of *Thrasher*, this Court held "[a] sentence of probate made in another state upon a will is not evidence in the courts of this state of the validity and due execution of the will, as to lands situate in this state, devised by it, so as to pass title to such land to the devisee."

Further, as will be discussed at length in part B. of our analysis *infra*, an interested party may challenge the probate of a foreign will in West Virginia pursuant to W.Va. Code § 41-5-13. Interested parties who may challenge the probate of a foreign

will in West Virginia include "distributees under a prior will." Christopher J. Winton, Mark W. Kelly, *Laying Claim: A Practitioner's Guide to Will Contests in West Virginia*, 96 W.Va. L. Rev. 123, 128 (1993).  Plaintiff Mason is a distributee under the decedent's prior will.  Based on the foregoing, we conclude that, under the facts alleged in Plaintiff Mason's complaint, the final order from the New York court does not foreclose further inquiry into the decedent's will by a West Virginia court.


### B. Probate of a Foreign Will

Defendant Torrellas argues that "[i]f there were any proper method by which to challenge . . . the ancillary probate of the NY Will here in West Virginia, it would have been in front of the [Mineral County] Commission, which has some level of authority to confirm probate in the foreign court[.]"  Thus, Defendant Torrellas argues that Plaintiff Mason's only avenue to challenge the New York will in West Virginia was in front of the county commission and not in the circuit court.

Our analysis of this issue begins with an examination of West Virginia's probate process.  "It is fundamental that the execution and probate of wills are governed by statutory law."  *In re Winzenrith's Will*, 133 W.Va. 267, 275, 55 S.E.2d 897, 902 (1949).  A comprehensive West Virginia University Law Review article described our state's probate system as follows:

> In West Virginia, jurisdiction to probate wills lies in the County Commission. West Virginia Code § 41-5-4

specifies the venue for probate of the will of a resident decedent according to a hierarchy as follows: (1) the county where the decedent had his residence; (2) a county where any real estate is situated; (3) the county where the decedent died; or (4) a county where the decedent had any property at the time of his death. The probate of a non-resident's will lies in any county where the decedent had property. In West Virginia, there are two procedures for probating a will: solemn form and ex parte. . . .

A simpler procedure for probate is known as ex parte. Any person may move the County Commission for probate of a will without notice to any other party. The motion for ex parte probate is made orally, and no formal written motion is required. The informal, ex parte procedure is the usual method of probate used in West Virginia.

Winton, *Laying Claim: A Practitioner's Guide to Will Contests in West Virginia*, 96 W.Va. L. Rev. at 125-26 (1993).

In the present case, Defendant Torrellas began the ex parte process to probate the New York will before the Mineral County Commission. Plaintiff Mason, however, properly challenged that ex parte process in the circuit court. West Virginia Code § 41-5-13, entitled "Probate of foreign will," describes how a foreign will may be probated in West Virginia:

Where a will relative to an estate within this state has been proved without the same, an authenticated copy thereof and the certificate of probate thereof, may be offered for probate in this state. When such copy is so offered, the county commission, or the clerk thereof in the vacation of the commission, to which or to whom it is offered, shall presume, in the absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty in the state or country of the testator's domicile, and shall admit such copy to probate as a will of personalty in this state; and if it appears from such copy that the will was

15

proved in the foreign court of probate to have been so executed as to be a valid will of land in this state by the laws thereof, such copy may be admitted to probate as a will of real estate. **But any person interested may, within one year from the time such authenticated copy is admitted to record, upon reasonable notice to the parties interested, have the order admitting the same set aside, upon due and satisfactory proof . . . that such probate was improperly made.**

Under W.Va. Code § 41-5-13, an interested person has one year to challenge a foreign will that is admitted to probate by a county commission. According to Plaintiff Mason's complaint, the New York will was admitted in an ancillary ex parte probate proceeding by the Mineral County Commission on July 24, 2014. Plaintiff Mason filed his complaint in circuit court challenging this probate in February 2015. West Virginia Code § 41-5-11 [1994] "gives the absolute right to a person who is not a party to the probate of a will in the county court [now county commission] to institute a proceeding to impeach such will *in the circuit court* if, of course, he has or could have an interest in the property." *Miranosky v. Parson*, 152 W.Va. 241, 245, 161 S.E.2d 665, 667 (1968) (emphasis added). One law review article described the right to impeach a will in circuit court after it has been admitted to probate before a county commission as follows:

> Interested persons who were not parties to an ex parte or solemn form probate proceeding may seek to impeach a will under the appeal provisions of West Virginia Code section 41-5-11. A proceeding filed under this section is known as an issue *devisavit vel non*, and jurisdiction is in the circuit court. . . . Venue is proper in the county where the will was admitted or denied probate.

16

Winton, *Laying Claim: A Practitioner's Guide to Will Contests in West Virginia*, 96 W.Va. L. Rev. at 126.[6]

Plaintiff Mason was not a party to the probate before the county commission, and he has an interest in the property as a devisee under the decedent's West Virginia will. Plaintiff Mason's complaint alleged that the probate of the New York will before the county commission was improperly made because the New York will was procured through fraud, undue influence, and because the decedent lacked the testamentary capacity to execute it. Because Plaintiff Mason brought his complaint in the circuit court within one year of the New York will being admitted to probate by the county commission, we disagree with Defendant Torrellas' contention that Plaintiff Mason's only avenue to challenge the probate of the New York will in West Virginia was before the county commission.

---

[6] West Virginia Code § 41-5-11 provides, in part:

> After a judgment or order entered as aforesaid in a proceeding for probate ex parte, any person interested who was not a party to the proceeding . . . may proceed by complaint to impeach or establish the will, on which complaint, if required by any party, a trial by jury shall be ordered, to ascertain whether any, and if any, how much, of what was so offered for probate, be the will of the decedent. . . . Any complaint filed under this section shall be in the circuit court of the county wherein probate of the will was allowed or denied.

**C. Pleading Standard**

Finally, we examine Defendant Torrellas' argument that even if the West Virginia circuit court has jurisdiction over this matter, Plaintiff Mason failed to plead sufficient facts to demonstrate that the probate of the New York will was improper. Specifically, Defendant Torrellas asserts that Mr. Mason's "claim for fraud is not sufficiently pleaded."

Typically "[a] pleading which sets forth a claim for relief . . . [must] contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." W.Va. R. Civ. P. 8(a). However, when a party alleges that he/she has been injured by the fraud or fraudulent conduct of another, "the circumstances constituting fraud . . . [must] be stated with particularity." W. Va. R. Civ. P. 9(b). *See also Funeral Serv. by Gregory, Inc. v. Bluefield Cmty. Hosp.*, 186 W.Va. 424, 430, 413 S.E.2d 79, 85 (1991) (instructing that "in order to establish fraud, the circumstances must be clearly alleged and proved"), *overruled on other grounds by Courtney v. Courtney*, 190 W.Va. 126, 437 S.E.2d 436 (1993); Syllabus Point 1, in part, *Hager v. Exxon Corp.*, 161 W.Va. 278, 241 S.E.2d 920 (1978) ("[F]raud or mistake must be alleged in the appropriate pleading with particularity[,] and the failure to do so precludes the offer of proof thereof during the trial.").

The reason for the deviation from the general pleading requirements when fraud is charged is both to allow the party alleged to have committed fraud to defend such

18

charges and to permit the tribunal hearing the matter to conduct a full review of the complaining party's claims. Syllabus Point 4, in part, *Croston v. Emax Oil Co.*, 195 W.Va. 86, 464 S.E.2d 728 (1995) ("The failure to plead particularly the circumstances constituting fraud not only inhibits full review of the substance of the claim of fraud by this Court on appeal . . . such failure also precludes the introduction of evidence supportive of any general allegation of fraud contained in the complaint[.]").

One law review article described a claim of fraud brought pursuant to a will contest as follows:

> Fraud occurs when a testator is misled into executing a will which he does not know to be a will or which does not say what he thinks it says. Ordinarily, the party alleging fraud bears the burden of proof, and the standard is clear and convincing evidence. However, the burden may shift to the person accused of fraud where a trust or confidential relationship exists. If fraud is proven, the court may either set aside the will or, in appropriate cases, decree a constructive trust.

Winton, *Laying Claim: A Practitioner's Guide to Will Contests in West Virginia*, 96 W.Va. L. Rev. at 136.[7]

---

[7] A presumption of constructive fraud or undue influence may be raised in some circumstances. "The West Virginia Supreme Court has adopted a presumption of undue influence in certain circumstances. In the case of *Frye v. Norton*, [148 W.Va. 500, 135 S.E.2d 603 (1964)] an attorney was accused of undue influence when the will of the testatrix left her estate to him." Winton, *Laying Claim: A Practitioner's Guide to Will Contests in West Virginia*, 96 W.Va. L. Rev. at 137.

Reviewing Plaintiff Mason's complaint, we conclude that the allegations set forth sufficient facts to satisfy the pleading requirement in Rule 9(b) of the West Virginia Rules of Civil Procedure. First, Plaintiff Mason's complaint includes an explicit allegation of fraud: "Defendant [Torrellas] misled [the decedent] into executing the NY will, *thereby committing fraud*." (Emphasis added). Plaintiff Mason's complaint sets forth a detailed recitation of this alleged fraud. The complaint alleges that the decedent executed a West Virginia will in 2012, making a number of bequests: to her West Virginia church, to a West Virginia cemetery for continued maintenance of her gravesite, to her sister Irene Ketelsen, and to a West Virginia resident, Plaintiff Mason. Two years later, according to the complaint, the decedent, suffering from dementia, revoked her West Virginia will, disinheriting her West Virginia church, her West Virginia cemetery, and West Virginia resident Plaintiff Mason, and executed a new will in which she left her entire estate to her New York sister, Irene Ketelsen. According to the complaint, the New York will was executed ten days before the decedent's death while the decedent was in the hospital, suffering from dementia. Plaintiff Mason's complaint asserts that because of her physical and mental infirmities, the decedent was unable to make decisions about her financial affairs. Further, the complaint alleges that Defendant Torrellas knew that the decedent was of unsound mind and lacked testamentary capacity when the New York will was made; that Defendant Torrellas misled the decedent into executing the New York will, thereby committing fraud; and that the decedent "was not acting of her own free will, but was simply responding completely to the dictates and influence of"

20

Defendant Torrellas.  The decedent's death certificate lists dementia as one of her causes of death.

Under these facts, we find that Plaintiff Mason has complied with Rule 9(b) of the Rules of Civil Procedure.

## IV.

## CONCLUSION

For the foregoing reasons, we reverse the June 24, 2015, order of the Circuit Court of Mineral County, and remand this matter to the circuit court for further proceedings consistent with this opinion.

Reversed                    and Remanded.

21