# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John C. Scotchel,**
**Plaintiff Below, Petitioner**

**vs)  No. 18-1029** (Marion County CC-24-2016-C-269)

**State Farm Mutual Automobile**
**Insurance Company, Lori Vance,**
**Ron Moran, and Angela Cooke**
**Defendants Below, Respondents**

**FILED**

**January 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John C. Scotchel Jr., pro se, appeals the Circuit Court of Marion County's October 19, 2018, order denying his motion to alter or amend its order granting summary judgment to respondents.[1] Respondents State Farm Mutual Automobile Insurance Company ("State Farm"), Lori Vance, Ron Moran, and Angela Cooke, by counsel Tiffany R. Durst and Nathaniel D. Griffith, filed a response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was involved in a two-car automobile accident in Morgantown, West Virginia, on August 27, 2012, when he made a left turn in front of two lanes of oncoming traffic. The other vehicle involved in the accident was driven by Gerhard St. John, who was driving in the course and scope of his employment with Orkin, LLC ("Orkin"); that vehicle was owned by Orkin. In the resulting accident report, the officer concluded that petitioner was at fault and that there were no contributing circumstances on the part of Mr. St. John. The officer issued a warning citation to petitioner for failure to yield the right-of-way.

Petitioner's vehicle was insured by State Farm, and State Farm paid petitioner $3,449.07

---

[1] Petitioner was admitted to the West Virginia State Bar on May 15, 1984. However, his law license was annulled, and other sanctions imposed, in *Lawyer Disciplinary Bd. v. Scotchel*, 234 W. Va. 627, 768 S.E.2d 730 (2014).

to repair the damage to his vehicle, less his $250 deductible.[2] State Farm also paid 80% of petitioner's rental car expenses while his vehicle was being repaired. State Farm made a supplemental payment of $384 under the collision coverage for damage to a CD changer located in the trunk of petitioner's vehicle. After State Farm obtained a copy of the accident report and its representatives spoke with petitioner, Mr. St. John, an independent witness, and the investigating officer, State Farm informed petitioner that the determination had been made that petitioner was at fault for the occurrence of the accident for purposes relative to liability claims advanced against him. State Farm covered the liability claims asserted by Mr. St. John and Orkin under petitioner's liability coverage. The claims asserted by Orkin and Mr. St. John were settled in 2012 and 2013, respectively, and a release inuring to petitioner's benefit was obtained.

On August 26, 2014, without State Farm's knowledge, petitioner sued Mr. St. John and Orkin in the Circuit Court of Monongalia County for the property damages sustained in the August 27, 2012, accident. He litigated that action for over a year, ultimately settling the same for $1,850.

On September 7, 2016, petitioner faxed a letter to State Farm demanding payment of an itemized list of purported damages totaling $29,605.50 relative to the civil action against Mr. St. John and Orkin. The damages list primarily consisted of attorney's fees at a rate of $250 per hour relative to petitioner's handling of the lawsuit. In that letter, petitioner asserted that State Farm had "forced" him to sue St. John and Orkin because its investigation of the accident incorrectly determined that petitioner was at fault. He demanded the sum of $29,605.50, less the $1,850 he received in settlement of the lawsuit he voluntarily filed. State Farm refused that demand, stating that a "liability investigation took place and the investigation concluded that you were at fault for the accident." That letter also referenced the sums paid to petitioner and on his behalf related to the August 27, 2012, accident.

On October 19, 2016, petitioner filed suit against State Farm; the selling agent, Lori Vance; and two claims representatives for State Farm, Ron Moran and Angela Cooke. The circuit court found that petitioner's complaint

> is rather vague and difficult to decipher. However, [petitioner] has since clarified that the singular premise for his case is that State Farm's investigation wrongly determined that [petitioner] was at fault for the automobile accident of August 27, 2012, which caused the $250.00 deductible that applied to his Collision Coverage to be assessed, and he was thusly "forced" by State Farm to file a civil action against Mr. St. John and Orkin to recover the $250.00 deductible and demonstrate that he was not at fault.

---

[2] The collision coverage of petitioner's policy provides that State Farm "will pay for loss caused by collision to a covered vehicle. . . . The deductible that applies to Collision Coverage is shown on the Declarations Page." The collision coverage further provides that State Farm has the right to "[p]ay the cost to repair the covered vehicle minus any applicable deductible." The policy at issue also provides that State Farm has the right to "a. investigate, negotiate, and settle any claim or lawsuit; [and] b. defend an insured in any claim or lawsuit . . . for damages payable under this policy's Liability Coverage."

The complaint included what the circuit court characterized as "scattershot fashion" causes of action alleging breach of contract, common law bad faith, and statutory bad faith.

Respondents filed a motion to dismiss petitioner's claims on February 21, 2017, but that motion was denied by the circuit court by order entered on April 6, 2017. During the hearing on respondents' motion, petitioner represented to the circuit court that "State Farm refused to pay [him] for [his] out-of-pocket expenses for the damages" and he "had to pay for a rental, full rental, for damages that they refused to pay." He also argued that he would lose his "no accident" driving record, resulting in increased premiums as a result of State Farm's determination that petitioner was at fault for the accident.

Respondents then filed their motion for summary judgment on January 18, 2018, which was granted by the circuit court by order entered on April 24, 2018. In that order, the circuit court found that the facts that are material to respondents' motion are not genuinely disputed and that no further discovery was needed to clarify the application of the law that clearly mandates the entry of summary judgment in this case. Petitioner contended that because State Farm's investigation wrongly determined that he was at fault, his deductible was assessed and he was forced to file a civil action against Mr. St. John and Orkin. The circuit court found that petitioner's contention was "entirely inaccurate, baseless and meritless, factually and legally." It further concluded that petitioner failed to state a cognizable, coherent claim because the application of his collision coverage, and its $250 deductible, were not predicated upon an investigation of fault; thus, there would not have been the type of liability/fault investigation on which he premised his case. The circuit court found that "[e]ven if one were to assume purely for hypothetical purposes that an 'investigation' regarding liability/fault was somehow relevant to [petitioner's] Collision Coverage and $250.00 deductible, the undisputed reality is that [petitioner's] Collision Coverage was fully paid minus the deductible." It also noted that there is case law holding that a claim based on an allegedly unreasonable investigation would not be legally cognizable where the claim was paid as a result of the investigation alleged to have been unreasonable.

On May 8, 2018, petitioner filed a motion to alter or amend the circuit court's summary judgment order under Rule 59(e) of the West Virginia Rules of Civil Procedure, arguing that he should have been permitted additional time for discovery, that the circuit court misapplied the summary judgment standard, that new evidence existed that should be considered, that respondents did not cite West Virginia law in support of summary judgment, and that the order denying respondents' motion to dismiss was inconsistent with its order granting the motion for summary judgment. The circuit court denied petitioner's motion by order entered on October 19, 2018, largely reiterating the findings set forth in its April 24, 2018, summary judgment order. It further found that in granting summary judgment to respondents, the circuit court properly applied West Virginia law and considered all evidence in the light most favorable to petitioner and that no material facts precluded summary judgment. The circuit court also found that the purported new evidence was irrelevant and would not create a dispute of material fact sufficient to preclude summary judgment. That "new evidence" stemmed from State Farm's investigation of an unrelated 2018 accident involving petitioner, which caused petitioner to concede that State Farm's investigation of the subsequent accident was sufficient, while the investigation of the 2012 accident was insufficient. The circuit court also found that, in granting summary judgment to respondents, it did not misstate any evidence. The circuit court pointed out that a motion to dismiss

is subject to a different legal standard than a motion for summary judgment and that, when the circuit court denied the motion to dismiss, petitioner had not yet conceded that he was paid pursuant to his collision coverage, minus his deductible. Finally, it held that petitioner had failed to demonstrate that further discovery would have engendered an issue of both genuine and material fact. Petitioner appeals from that October 19, 2018, order.

We have previously held:

> The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.

Syl. pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). Because the judgment underlying the . . . Rule 59(e) ruling was the . . . award of summary judgment, this Court's review is *de novo*. *See* Syl. pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*.").

*Andrews v. Antero Resources Corp.*, 241 W. Va. 796, 801, 828 S.E.2d 858, 863 (2019).

On appeal, petitioner asserts six assignments of error. However, these alleged errors can be grouped into two categories: the circuit court erred by granting summary judgment to all respondents, and the circuit court improperly denied petitioner's Rule 59(e) motion.

Petitioner alleges that the circuit court erred by granting summary judgment to respondents when additional discovery was needed and because the grant of summary judgment is inconsistent with the circuit court's previous order denying respondents' motion to dismiss. Petitioner points to the circuit court's scheduling order, which includes a June 15, 2018, deadline for the completion of discovery. He contends that the circuit court ignored his affidavit that showed that further discovery was needed that would defeat respondents' motion for summary judgment. As part of the requested discovery, petitioner sought to depose a State Farm corporate designee in order to ascertain information such as the total number of first-party auto accident claims made to State Farm each year from 2006 to 2017 and the number of claims State Farm has denied since 2017. He also accuses respondents of twisting his words to manipulate the issues to support their meritless defense.

Further, petitioner asserts that he presented more than sufficient evidence to show that genuine issues of material fact related to his complaint exist, including

> [respondents'] failure to conduct a reasonable or proper investigation of the accident; a list of many inconsistent versions of how the August 27, 2012[,] accident occurred by [respondents]; that Mr. Moran or another unidentified agent of State Farm spoke to the investigating officer, which did not occur; that Mr. Moran failed to take a recorded statement from a witness for [petitioner] or properly

4

record the interview of the same witness, and many of [respondents'] misstatements of material fact and the law.

Without citing to the record, petitioner contends that he introduced "reconstructive documents" to show that the other driver was at fault. He asserts that the circuit court ignored those facts because respondents mislead the court "into believing that [petitioner's] complaint was about the handling of the claims filed against [petitioner] under the liability portion of the insurance contract and under the collision portion of the insurance contract." Further, petitioner argues that the circuit court ignored his claims for breach of contract, negligent or intentional spoliation of evidence, fraud, common law bad faith, statutory violations of West Virginia Code § 33-11-4, and punitive damages.

With regard to motions for summary judgment, this Court has long-held as follows:

"If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure." Syllabus point 3, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995).

*Andrews*, 241 W. Va. at 797, 828 S.E.2d at 858, syl. pt. 2. Further, we have stated that

"the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence,' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Painter v. Peavy*, 192 W. Va. at 192-93, 451 S.E.2d at 758-59 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986)).

*Andrews* at 811, 828 S.E.2d at 873.

In its order granting respondents' motion for summary judgment, the circuit court set forth detailed findings of fact and conclusions of law. Therein, the circuit court specifically noted that petitioner's

[c]omplaint is 17 pages in length, and is rather vague and difficult to decipher. However, [petitioner] has since clarified that the singular premise for his case is that State Farm's investigation wrongly determined that [petitioner] was at fault for the automobile accident . . . and he was thusly "forced" by State Farm to file a civil action against Mr. St. John and Orkin to recover the $250.00 deductible and demonstrate that he was not at fault. In scattershot fashion, numerous causes of action were alleged in the [c]omplaint, most notably causes alleging breach of contract, common law bad faith and statutory bad faith (W.V[a]. Code §33-11-4). . . . The [c]ourt finds that the facts that are material to [respondents'] motion for

5

summary judgment are not genuinely disputed, and that no further development of the facts of the case by way of additional discovery is necessary to clarify the application of the law that clearly mandates the entry of summary judgment in this case.

The circuit court went on to find that petitioner's wrongful investigation claim is "inaccurate, baseless and meritless, factually and legally" and that "the undisputed reality is that [petitioner's] Collision Coverage was fully paid minus the deductible." Further, as the circuit court noted, petitioner "has expressly represented that he is not claiming that his claims in this case are, in any way, shape or form, based on or related to State Farm's adjustment and settlement of the liability claims that were made against him." In reaching its ultimate conclusion, the circuit court found that the evidence "together with all reasonable inferences to be drawn therefrom, is devoid of any factual and/or legal basis that even remotely suggests that a prima facie case might somehow be sustained here, where it is undisputed that State Farm paid all claims relative to the subject vehicular accident." Similarly, in its order denying petitioner's Rule 59(e) motion, the circuit court stated that petitioner "clarified that the sole allegation upon which his entire case is premised is that State Farm's alleged failure to properly investigate the accident led to him incurring the . . . $250[] deductible." In support of that finding, the circuit court pointed to five instances in which petitioner admitted that the $250 deductible was the crux of the issue.

While petitioner asserts that the reasonableness of an insurance company's conduct is ordinarily a question of fact for the jury, the case he cites for that proposition actually holds that "[w]hether an insurer refused to pay a claim without conducting a reasonable investigation based on all available information under *W.Va. Code*, 33-11-4(9)(d) [2002], and whether liability is reasonably clear under *W.Va. Code*, 33-11-4(9)(f) [2002] ordinarily are questions of fact for the jury." Syl. Pt. 3, *Jackson v. State Farm Mut. Auto Ins. Co.*, 215 W. Va. 634, 600 S.E.2d 346 (2004). Petitioner does not dispute that State Farm paid the amounts set forth above for his benefit and to make him whole, less the $250 deductible and the portion of the rental car expense not covered by petitioner's policy. For these reasons, we find that the circuit court did not err in granting summary judgment to respondents based on the claims clarified by petitioner during the proceedings below.

In addition, petitioner asserts that the circuit court's grant of summary judgment is inconsistent with its previous order denying respondents' motion to dismiss. He contends that the circuit court's denial of the motion to dismiss was based upon essentially the same grounds set forth in respondents' motion for summary judgment, "with the exception of adding a new and meritless theory [that petitioner's] complaint was about the collision coverage of his insurance policy." Petitioner also argues that the circuit court's order denying the motion to dismiss "established the rule of law for the case as [respondents] did not introduce new evidence after this order." We disagree. Petitioner's argument ignores the different legal standards that apply to motions to dismiss and motions for summary judgment. With regard to motions to dismiss, this Court has long-held as follows:

"'The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80

6

(1957)." Syllabus Point 3, *Chapman v. Kane Transfer Co. Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977).

Syl. Pt. 1, *Mason v. Torrellas*, 238 W. Va. 1, 792 S.E.2d 12 (2016). However, as set forth above, summary judgment is appropriate where "the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, in part, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995). It is clear from the circuit court's summary judgment order that it properly applied the correct legal standard to find that the record was devoid of facts or evidence sufficient to establish a prima facie case to support any of petitioner's claims. Therefore, we find no error in the circuit court's grant of summary judgment following the denial of respondents' motion to dismiss.

With regard to the denial of petitioner's Rule 59(e) motion, petitioner asserts that the circuit court erred by failing to reopen the case due to the presentation of new evidence and by misapplying West Virginia law. Petitioner argues that the investigation of his subsequent 2018 vehicle accident in a parking lot constituted new evidence that respondents, aside from Mr. Vance, failed to conduct a proper investigation of the 2012 accident. However, he fails to explain to this Court how the investigations of the two accidents differed or how the investigation of the subsequent accident supports his claims against respondents. Without citing to the record, petitioner asserts that he "showed that the [c]ircuit [c]ourt committed clear errors of law and obvious injustice resulted." In addition, he contends that the circuit court failed to apply well-established West Virginia law regarding the proper standard to apply in summary judgment rulings, though he fails to cite a single case that was misapplied or explain what standards the circuit court allegedly ignored.

> A motion under *Rule 59(e) of the West Virginia Rules of Civil Procedure* should be granted where: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; (3) it becomes necessary to remedy a clear error of law or (4) to prevent obvious injustice.

Syl. Pt. 2, *Mey v. Pep Boys–Manny, Moe & Jack,* 228 W. Va. 48, 717 S.E.2d 235 (2011). Petitioner does not argue that there was an intervening change in controlling law or that the motion should have been granted to prevent obvious injustice; therefore, we will focus on the alleged new evidence and misapplication of existing law. In the circuit court's seventeen-page order denying petitioner's Rule 59(e) motion, the circuit court concluded that petitioner's "new evidence" is irrelevant and would not create a dispute of material fact sufficient to preclude summary judgment. Further, it found that "the manner in which State Farm investigated a completely unrelated accident is irrelevant to the issues raised by [petitioner]." The circuit court also addressed our precedent concerning the need for additional discovery prior to granting summary judgment. *See* Syl. Pt. 1, in part, *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 ("An opponent of a summary judgment motion requesting a continuance for further discovery . . . should (1) articulate some plausible basis for the party's belief that specified 'discoverable' material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine

and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier."). Petitioner has failed to satisfy any of the criteria set forth in *Powderidge* or point this Court to any facts or evidence that support his contention that the circuit court misapplied existing law. Therefore, it is clear that petitioner is not entitled to the requested relief based upon the circuit court's denial of his Rule 59(e) motion to alter or amend its grant of summary judgment to respondents.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISQUALIFIED:**

Justice Margaret L. Workman

8